IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LA'TAE PICKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-809-ECM |
| | ) [WO] |
| FRANK J. BISIGNANO, Commissioner | ) |
| of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's counsel's motion for authorization

of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 21).  The Commissioner neither

supports nor opposes the motion. (Doc. 22).  After careful review, and for the following

reasons, the Court finds that the motion is due to be granted.

## I.  BACKGROUND

The Plaintiff retained the law firm Konoski & Partners, P.C. ("Konoski & Partners"

or the "Firm") to appeal the Social Security Administration's ("SSA") denial of her request

for Social Security Disability Benefits.  The fee agreement between the Plaintiff and the

Firm called for the Plaintiff to pay the Firm a fee equal to 25% of the past-due benefits if

the Plaintiff prevailed in federal court. (Doc. 21-1).  On March 31, 2025, this Court reversed

the SSA's decision and remanded the case to the Commissioner pursuant to 42 U.S.C.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank J. Bisignano has been automatically substituted as a defendant in his official capacity for Carolyn W. Colvin, Acting Commissioner of Social Security.  The Clerk of the Court is DIRECTED to update the docket accordingly.

§ 405(g). (Doc. 18). Following remand, the Commissioner issued a favorable decision in the Plaintiff's case and awarded her past-due benefits. (Doc. 21 at 2, para. 4).

In the motion, the Plaintiff requests that the Firm be awarded $14,014.00—which is less than 25% of the past-due benefits awarded—pursuant to the fee agreement. Because the Firm has already received $9,000.00 in fees under the Equal Access to Justice Act ("EAJA"), (*see* doc. 20), the Firm requests that the Court reduce the $14,014.00 fee by $9,000.00 and award it a net total fee of $5,014.00.

## II. LEGAL STANDARD

Section 406(b)(1)(A) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services "rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court." *See id.*; 42 U.S.C. § 406(b)(2). For an attorney to receive a fee under this statute, the Court must approve the proposed fee. *See id.* § 406(b)(1)(A).

2

Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Because the Plaintiff was awarded past-due benefits following remand, this Court may award attorney's fees pursuant to § 406(b). *See id.* Where EAJA fees have been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must be repaid to the claimant or offset from the fees received under § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1269 (11th Cir. 2010) (approving offset of EAJA award from § 406(b) award).

The Court must determine whether a fee requested pursuant to § 406(b) is reasonable. *Gisbrecht*, 535 U.S. at 809. The Eleventh Circuit has explained that contingent-fee agreements are presumptively reasonable, but that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) (quoting *Gisbrecht*, 535 U.S. at 807).[2] Courts should evaluate an attorney's requested fee based on the "character of the representation and the results the representative achieved," and may reduce a windfall fee award if "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* (quoting *Gisbrecht*, 535

---

[2] While the Court recognizes that *Gossett* is nonprecedential, the Court finds it persuasive.

U.S. at 808). An attorney for a successful claimant has the burden to demonstrate the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

### III.  DISCUSSION

Here, Konoski & Partners is seeking $5,014.00 in attorney's fees, which represents $14,014.00 in total fees less the $9,000.00 in fees awarded pursuant to the EAJA.  The Commissioner "neither supports nor opposes counsel's request for attorney's fees in the amount of $14,014.00." (Doc. 22 at 1).  The Commissioner further contends that this Court should assess the reasonableness of the total amount of § 406(b) fees sought ($14,014.00) rather than the net amount ($5,014.00). (*Id.* at 2).[3]  Konoski & Partners has substantial experience representing Social Security claimants in appeals to federal court and secured a favorable decision for the Plaintiff in this case.  The Court concludes that the total amount of § 406(b) fees sought by Konoski & Partners ($14,014.00) is reasonable on this record.  Thus, after offsetting the fees previously awarded pursuant to the EAJA, the Court concludes that Konoski & Partners is entitled to attorney's fees in the amount of $5,014.00 pursuant to § 406(b).

### IV.  CONCLUSION

Accordingly, for the reasons stated, it is

---

[3] The Court need not, and does not, decide whether it must assess the reasonableness of the total fees sought rather than the net fees sought.  Even assuming the reasonableness of the total fees is the appropriate inquiry, the Court concludes that the total fees sought by the Plaintiff's counsel here are reasonable.

4

ORDERED that the Plaintiff's counsel's motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) (doc. 21) is GRANTED, and the Commissioner shall pay to Konoski & Partners, P.C. **$5,014.00** out of the Plaintiff's past-due benefits.

DONE this 11th day of August, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE